IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN R. PURNELL, III, | : |
| Appellant, | : |
| v. | : **Civil Action No. 18-1160-RGA** |
| | : Delaware Supreme Court |
| DELAWARE DEPARTMENT OF | : Case No. 412, 2017 |
| INSURANCE, | : |
| Appellee. | : |

John R. Purnell, III, Bear, Delaware. Pro Se Appellant.

**MEMORANDUM OPINION**

November 16, 2018
Wilmington, Delaware

ANDREWS, U.S. District Judge:

John R. Purnell, III, appellant, filed a notice of removal on August 3, 2018, of *Purnell v. Delaware Department of Insurance*, No. 412, 2017 (Del.). (D.I. 2). Purnell appears *pro se* and proceeds *in forma pauperis*. For the reasons discussed below, the Court will summarily remand the matter to the Supreme Court of the State of Delaware.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 7, 2017, the Superior Court of the State of Delaware in and for New Castle County entered an opinion in *Purnell v. Department of Insurance*, C.A. No. N16A-10-001 JRJ, that affirmed in part and reversed in part a decision by the Delaware Insurance Commissioner, relating to the regulation of bail bond agents. (D.I. 2-1 at 2-32). At issue was whether Delaware's Department of Insurance complied with due process in recommending revocation of Purnell's bail bond license and imposing a fine. The Superior Court found the Department of Insurance complied with due process in conducting the proceedings but that the imposition of a fine violated 18 Del. C. § 4333(c)(3)h.

Purnell appealed to the Delaware Supreme Court. (D.I. 2-2). The Delaware Supreme Court affirmed the decision of the Superior Court on May 30, 2018. (*Id.* at 2-3). Purnell filed a motion for reargument. (*Id.* at 4). On July 5, 2018, the Delaware Supreme denied the motion after concluding it was without merit. (*Id.*)

Purnell removed the matter on August 3, 2018, for "review" of the State Court decisions pursuant to 28 U.S.C. § 1446. (D.I. 2)

## LEGAL STANDARDS

The exercise of removal jurisdiction is governed by 28 U.S.C. § 1441(a) which

1

states that, in order to remove a civil action from state court to federal court, a district court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441(a). Section 1441(a) and § 1443 both provide that the action may be removed by the defendant to the district court of the United States. *Id.* at §§ 1441(a), 1446. The removal statutes are strictly construed and require remand to state court if any doubt exists over whether removal was proper. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941).

A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden to establish federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Zoren v. Genesis Energy, L.P.*, 195 F. Supp. 2d 598, 602 (D. Del. 2002). In determining whether remand based on improper removal is appropriate, the court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. *Steel Valley Auth.*, 809 F.2d at 1010.

### DISCUSSION

In his notice of removal, Purnell does not state there is federal question jurisdiction under 28 U.S.C. § 1331 or any other type of jurisdiction. He alleges the Delaware Department of Insurance committed malfeasance and fraud in the State Court proceeding.

Plaintiff is clear that he removed this case so this Court could review the rulings of the state courts. The Court lacks jurisdiction to entertain an appeal of orders entered in C.A. No. N16A-10-001 JRJ and No. 412, 2017 based upon the *Rooker-Feldman*

doctrine which bars review of state court decisions. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). *See also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The Court does not have subject matter jurisdiction in this matter. Therefore, the matter will be summarily remanded.

## CONCLUSION

For the above reasons, the matter will be **summarily remanded** to the Supreme Court of the State of Delaware.

An appropriate Order will be entered.